IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MATTHEW ADKINS and
HEATHER ADKINS,

          Plaintiffs,

v.                              CIVIL ACTION NO.   2:22-cv-00399

APPALACHIAN POWER COMPANY
and UNKNOWN DEFENDANTS 1-5,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Notice of Removal* (Document 1), the Plaintiffs' *Motion to Remand* (Document 5 & 6), the *Affidavit in Support of Plaintiffs' Motion to Remand* (Document 6-1), the *Memorandum in Support of Plaintiffs' Motion to Remand* (Document 7), and *Defendant Appalachian Power Company's Response in Opposition to Plaintiffs' Motion to Remand* (Document 10). The Plaintiff did not file a reply brief. For the reasons stated herein, the Court finds that the motion to remand should be denied.

**FACTUAL ALLEGATIONS**

Plaintiffs Matthew Adkins and Heather Adkins initiated this action with a *Complaint* (Document 1-1) filed in the Circuit Court of Lincoln County on August 18, 2022. The Plaintiffs are residents of Lincoln County, West Virginia. They named Appalachian Power Company, as well as multiple John Does, as Defendants. Appalachian Power is a Virginia corporation with its principal place of business in Ohio.

The Plaintiffs allege that the Defendants failed to properly inspect the electrical lines to their home, conducted work on those lines in an unsafe manner, and energized the lines when no one was present in the home. A house fire started when the electricity to the home was energized, and the Plaintiffs suffered a total loss of the house and contents. In their complaint, they seek judgment "in an amount sufficient to compensate them for the total loss of their house and contents, damages for the loss of use of their house and contents, for loss of income, expenses, court costs, attorney fees, and for such other and further damages as may be proven or allowed." (Compl. at 3-4.)

Following removal, the Plaintiffs attached an affidavit to their motion to remand, stipulating that the damages arising from the fire do not exceed $75,000, and they will not accept an award exceeding $74,500.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's

---

[1] Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

jurisdiction over the matter by a preponderance of the evidence. *See Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden." *White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060 at *2. Removal "should be 'fair to both plaintiffs and defendants alike' because the right of removal is 'at least as important as the plaintiff's right to the forum of his choice.'" *Carter v. Hitachi Koki* U.S.A., Ltd., 445 F. Supp. 2d 597, 600 (E.D. Va. 2006) (citing *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir.1992)). In deciding whether to remand a case, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiffs argue that the Court lacks jurisdiction because they have stipulated that they do not seek damages exceeding $74,500. They also note that they named John Doe defendants whose identities are not yet known. The Defendant argues that a John Doe defendant does not interfere with a diverse named defendant's right to remove. It further contends that the stipulation limiting damages cannot defeat jurisdiction because it was not filed contemporaneously with a complaint that included a sum-certain prayer for relief.

28 U.S.C. § 1441(b)(1) provides that "the citizenship of defendants sued under fictitious names shall be disregarded." There is no dispute that the Plaintiffs and Defendant Appalachian Power are diverse. Thus, the sole issue involves the amount in controversy.

The Plaintiffs do not dispute that the Defendant had sufficient grounds for removal based on the damages alleged and relief sought in the complaint. "Lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D.W. Va. 2011) (Goodwin, C.J.) The Plaintiffs allege that the Defendant(s)' negligence led to the total loss of their home and all its contents in a fire, and they seek damages for the loss, attendant loss of use and loss of income, expenses, court costs, and attorney fees. The totality of the circumstances supports the finding that the amount in controversy exceeds $75,000.

For a stipulation to limit the potential recovery to below the jurisdictional threshold, the Southern District of West Virginia requires "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485–86 (S.D.W. Va. 2001) (Haden, C.J.); *see also Ellison v. Credit Acceptance Corp.*, 177 F. Supp. 3d 967, 970 (S.D.W. Va. 2016) (Goodwin, J.). This Court previously considered a post-removal stipulation attached to a motion to remand, similar to the stipulation presented herein, and found "that Plaintiff's post-removal unilateral stipulation does not have the effect of rendering the amount in controversy below the jurisdictional minimum." *Shumate v. DynCorp Int'l LLC*, No. 5:11-CV-00980, 2012 WL 830241, at *3 (S.D.W. Va. Mar. 9, 2012) (Berger, J.). Because a post-removal stipulation limiting recovery cannot defeat an otherwise proper removal, the Court finds that the motion to remand should be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' *Motion to Remand* (Document 5 & 6) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 14, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA