IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MATTHEW ADKINS and
HEATHER ADKINS,

                Plaintiffs,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.   2:22-cv-00399

APPALACHIAN POWER COMPANY
and UNKNOWN DEFENDANTS 1-5,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Appalachian Power Company's Motion for Summary Judgment* (Document 44) and *Defendant Appalachian Power Company's Memorandum of Law in Support of Its Motion for Summary Judgment* (Document 45).   The Plaintiffs did not file a timely response.

**FACTS**

The Plaintiffs, Matthew Adkins and Heather Adkins, initiated this action with a *Complaint* (Document 1-1) filed in the Circuit Court of Lincoln County, West Virginia, on August 18, 2022. The Defendant, Appalachian Power Company, removed the case to federal court on September 20, 2022.

Mr. Adkins built a home with the help of family members about ten years ago.   A friend, who was an electrician, assisted with the wiring.   He lived in the house with his family for several years.   In around February 2021, Ms. Adkins moved out, then Mr. Adkins also moved out, leaving

the house vacant. Most of the family's belongings remained in the home. They stopped paying the power bill, and the electricity was turned off. After about 6 months of the house remaining vacant, the Plaintiffs agreed to permit a relative, Howard Abbott, to stay in the house if he paid the power bill.

Mr. Abbott requested a service change to his name and made a payment of $1000 to Appalachian Power on or about August 18, 2020, and records indicate it was processed on August 19. On August 19, 2020, the home and its contents were destroyed in a house fire. Guyan River Volunteer Fire and Rescue responded. The report notes that no one was home at the time of the fire. The cause of the fire is listed as undetermined, and the fire department was unable to pinpoint where in the home the fire originated. A report notes that bystanders indicated the power had been turned back on approximately one hour prior to the fire. In discovery materials, the Plaintiffs stated their intention to rely on a theory of res ispa loquitur based on their belief that the fire started immediately after power was restored to the home, and that Appalachian Power had not provided notice of the date and time it would restore power so that someone could be present.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v.*

*Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish

3

the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Appalachian Power contends that the Plaintiffs failed to produce evidence that it caused the fire: "they produced no expert to opine that the fire at issue in this case was caused by APCo, adduced no evidence that APCo actually turned on the power prior to the fire, and deposed no witnesses capable of showing that APCo caused the fire." (Def. Mem. at 6.) It further contends that the doctrine of res ipsa loquitur is not applicable because the Plaintiffs are unable to eliminate other potential causes of the fire. Therefore, it urges the Court to grant summary judgment in its favor.

"In any negligence or tort case, a plaintiff is required to show four basic elements: duty, breach, causation, and damages." *Gable v. Gable*, 858 S.E.2d 838, 850 (W. Va. 2021). "In order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syl. Pt. 3, *Aikens v. Debow*, 541 S.E.2d 576, 578 (W. Va. 2000) (internal quotation marks and citations omitted). The West Virginia Supreme Court has held:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

4

*Strahin v. Cleavenger*, 603 S.E.2d 197, 201 (W. Va. 2004). "The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." Syl. Pt. 5, *Aikens*, 541 S.E.2d at 578.

The West Virginia Supreme Court has established the following standard for invoking res ipsa loquitur:

> Pursuant to the evidentiary rule of res ipsa loquitur, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Syl. Pt. 4, *Foster v. City of Keyser*, 501 S.E.2d 165, 168 (W. Va. 1997). The court has emphasized that the doctrine of res ipsa loquitur is available only when the "defendant's negligence is the only inference that can reasonably and legitimately be drawn from the circumstance," and cannot be invoked where the jury would be required to rely on speculation or conjecture. Syl. Pt.s 4-5, *Kyle v. Dana Transp., Inc.*, 649 S.E.2d 287, 289 (W. Va. 2007).

The Plaintiffs allege a negligence cause of action, asserting that Appalachian Power breached a duty of care by turning on the power without properly inspecting the lines or ensuring that someone was home prior to energizing the power lines leading to the residence. They did not respond to the motion for summary judgment and have presented no evidence in support of their claims.

Pursuant to Rule 56(e), if a party fails to address a factual assertion, the court may "grant summary judgment if the motion and supporting materials–including the facts considered

5

undisputed–show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). The Defendant, as the moving party, bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

The Court finds that the Defendant met this initial burden of demonstrating that it is entitled to summary judgment, and the Plaintiffs have failed to counter with any evidence to establish the existence of elements essential to their cause of action. There is no evidence establishing if and when power was restored at the residence. There is no evidence establishing the cause of the fire. Even if the Plaintiffs had produced witness testimony corroborating their allegations that the fire began shortly after restoration of power, there is no evidence that the fire resulted from a breach of Appalachian Power's duty of care. Therefore, the Court finds that Appalachian Power's motion for summary judgment should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Appalachian Power Company's Motion for Summary Judgment* (Document 44) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 25, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA